IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAYAGüEZ AIR CARGO SERVICE, INC.
D/B/A STAR TRAVEL AIR CARGO
Plaintiff

vs                                                                                    CIVIL 08-1806CCC

AMERICAN AIRLINES, INC.
Defendant

## OPINION AND ORDER

The diversity action now before us is one for collection of monies, breach of contract and damages.  Plaintiff Mayagüez Air Cargo Services, Inc. (MAC) filed this suit in the court of first instance of Puerto Rico, from which defendant American Airlines (AA) removed it to this court.  The facts as alleged in the complaint are as follows:

MAC seeks $20,700.02 for ground services that it rendered to Wallace International of Puerto Rico, Inc. (Wallace).  The services consisted of coordinating the transportation of raw materials from Wallace's plant in San Germán, Puerto Rico, to AA's cargo area facilities at Muñoz Marín Airport in Carolina, Puerto Rico, for eventual air transport to Wallace's parent company Wallace International in Massachusetts.  MAC provided the same service from the airport to San Germán, transporting finished products that had been sent to Wallace from Massachusetts.  Plaintiff alleges that it provided armed security guard escorts but that it subcontracted the actual ground transportation services to other contractors.[1]  Plaintiff alleges that all of the services were invoiced to AA, "because they were part of the transportation services door to door . . . that Plaintiff provided Wallace International."  Complaint, ¶4.

---

[1] MAC contends that it is not a "ground carrier," and that "the specialized transportation and delivery services are provided . . . through subcontractors retained by Plaintiff in order to meet the requirements and specifications of this customer."  Opposition, ¶6.

CIVIL 08-1806CCC                              2

"The Plaintiff received compensation . . . for the services rendered for Wallace [ ] for a period of over ten (10) years, under the terms of a cargo transportation agreement with Air Cargo, Inc. (ACI), " until ACI filed for bankruptcy in December, 2004.  ¶5.

MAC avers that its invoices were routinely approved by the Defendant for payment to MAC through ACI, which, it alleges, acted as a clearinghouse.  ¶6.  Plaintiff, therefore, concludes that this "constitutes an acceptance by Defendant of the terms of agreement for cargo transportation between Plaintiff and ACI, and makes the Defendant jointly responsible for the obligations ACI had with Plaintiff." Id.  MAC also conclusorily states that AA assumed the responsibility for the transportation agreement, and that it unilaterally changed the terms of the transportation agreement in effect for the land transportation portion of the raw material and finished products of Wallace.  ¶8.

MAC also seeks payment from AA of $5,586.00 that it was required by ACI's bankruptcy trustee to reimburse ACI for transportation of cargo for diverse clients "of defendant."  ¶10.  MAC additionally claims $6, 453.63 for "several transportation services . . . provided by the Plaintiff to clients of the Defendant.  These transportation services were invoiced to the Defendant through ACI, and were never paid due to the filing of ACI's voluntary Bankruptcy petition."  ¶11.  MAC harps on its belief that AA is jointly responsible with ACI pursuant to the transportation agreement between the plaintiff and ACI.

The action is now before us on AA's Motion for Summary Judgment filed November 21, 2008 **(docket entry 13)**, which plaintiff opposed (docket entry 15), to which AA replied (docket entry 21), which was followed by plaintiff's surreply (docket entry 18).[2]

**Standard for Summary Judgment**

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is

---

[2]Plaintiff's surreply was filed without requesting leave of court, before leave had been granted to defendant to file the reply.

CIVIL 08-1806CCC                                         3

entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Eileen McCarthy v. Northwest, 56 F.3d 313, (1st Cir. 1995).  The non-moving party must establish the existence of at least one factual issue that is both genuine and material to defeat a properly supported motion.  Brennan v. Hendrigan, 888 F.2d 129, (1st Cir. 1989).

The role of a Motion for Summary Judgment is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791,794 (1st Cir. 1999).

Although a Court analyzing a summary judgment motion must look at the record in the light most favorable to the non-moving party, the Court may not rely merely on unsubstantiated allegations.  Rather, the non-moving party may only overcome a summary judgment motion upon presentation of proof sufficient to raise a genuine issue of material fact.  See, Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986).  Said another way, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion...." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

Local Rule 56(b) of the District Court of Puerto Rico requires a party who moves for a summary judgment to submit, in support of the motion, a "separate, short and concise statement of the material facts set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.  Each fact asserted in the statement shall be supported by a record citation.

Once movant complies with this directive, a party opposing the motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by the rule." See Local Rule 56(c).

CIVIL 08-1806CCC                                      4

The First Circuit has consistently stated that, in the context of Local Rule 56(e), "parties ignore [it] at their peril" and that "failure to present a statement of disputed facts embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted." Cosme Rosado v. Serrano Rodríguez, 360 F. 3d 42, 45 (1st Cir. 2004); Morales v. A.C. Orssleff's EFTF, 246 F.3d. 32, 33 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F. 3d 24, 27-28 (1st Cir. 2001).

**Analysis**

Plaintiff has filed no statement of disputed facts, or uncontested facts. Ergo, AA's uncontested facts remain uncontroverted. Additionally, MAC's opposition is nothing more than a restatement of the allegations of the complaint. It provides no affidavits, documents or any other evidence whatsoever to support its claims.

In its reply, AA notes that plaintiff did not controvert any of the undisputed facts set forth in its "Statement of Uncontested Facts," and that MAC has not demonstrated through submissions of evidentiary quality that a trial-worthy issue persists. In its surreply, MAC addresses neither the fact that it did not meet the Local Rule 56 requirements, nor provided any evidence to support its claim. It merely reiterates its arguments, which are empty and worthless for defeating a properly drafted and well supported motion for summary judgement.

AA's primary affirmative defense is that, under the Commerce Code of Puerto Rico, 10 L.P.R.A. §1909, actions relating to the collection of freight, charter or carriage fees expire within six months after the delivery of the goods.[3] MAC attempts to defeat the cases cited by AA, Mortonsen & Lange v. San Juan Mercantile Corp., 119 D.P.R. 345 (1987) and Luvi

---

[3]10 L.P.R.A.§1909 provides, in pertinent part:

> The actions relating to the collection of transportation, freight, expenses inherent thereto, and the contributions of ordinary averages shell prescribe six months after the goods which gave rise thereto were delivered.

CIVIL 08-1806CCC                           5

Trucking, Inc. v. Sea-Land Service Inc., 650 F.3d. 371 (1st Cir. 1981), which hold that the claims for shipping fees were subject to the six-month statute of limitations.  Its attempt to distinguish itself from these cases is anchored on two sources of the Civil Code of Puerto Rico:  (1) Article 1864, 31 L.P.R.A. §5295, which sets the statute of limitations for actions arising from breach of contractual obligations at fifteen years, and (2) Art. 940 of the Commerce Code, 10 L.P.R.A. §1902, which provides a five-year statute of limitations of five years for any commerce-related claim for which there is no specific time limit.

>    MAC argues that
>
>> . . . Plaintiff's fees are not freight, charter, or carriage fees because the plaintiff is neither a ground carrier nor a consignee, and its name does not appear on the air bills.
>> . . .
>> Again, the Plaintiff in this case is neither a trucker nor a shipper. In this case, the Defendant is the "carrier," and the Plaintiff has been a subcontractor acting on behalf and in representation of the Defendant. If a claim were to be asserted for any damages to the cargo, the owner of the cargo would hold Defendant responsible, not the Plaintiff, and make the Defendant, not the Plaintiff, the target of such claim. The Defendant would have the right to claim against the Plaintiff and its insurer. In this case, the shipper and the consignee was the Defendant's customer and not the Plaintiff's, and the Plaintiff may be regarded as the "carrier."

Plaintiff's opposition, at pp. 6-7.

>    MAC's protests, however, are defeated by the allegations of its own complaint:
>
>> (1) The Plaintiff received compensation for the services rendered to Wallace International for a period of the years under the terms of a cargo transportation agreement with Air Cargo, Inc.(ACI) until ACI filed a voluntary petition under the federal bankruptcy law in December 2004.

Complaint, ¶5.

>> (2) The Plaintiff's invoices were routinely approved by the Defendant for payment to the Plaintiff through ACI...."[4]

---

[4]We omit plaintiff's subjective characterizations, speculations, conclusions, and interpretations.

CIVIL 08-1806CCC                                         6

Id., at ¶6)

> (3) From the moment ACI ceased its operation on December 2004, the Defendant assumed direct responsibility of the raw material and finished product transportation agreement fro[m] Wallace International from and to their plaint in San German/ Since that moment, the Plaintiff has been invoicing the Defendant <u>directly for the services it has continued providing to Wallace International</u>, under the same rate agreed and accepted of $300.00 per trip.

Id., at ¶7.  (Our emphasis.)

The plaintiff lists the numbers of alleged "invoices pending payment, in addition to the invoice paid by ACI which Plaintiff was compelled to reimburse to the trustee in bankruptcy." Opposition, at p. 4.  MAC could have submitted copies of the original invoices, but did not do so.  MAC refers to a contract with ACI, but fails to include a copy to support its claims of AA's responsibility.[5] Plaintiff argues that it is not an "intermodal air-land carrier" or a "ground carrier," Opposition, ¶6, but fails to provide any information to support that claim.  It claims to have subcontracted the actual transportation, but also fails to back that claim with any evidence.

We turn to the undisputed facts as evidenced by the Unsworn Declaration Under Penalty of Perjury of Carl Frey, Manager of American Airlines Cargo Operations Center (AA/COC), dated November 18, 2008:

> 10. Plaintiff is a ground carrier and, as such, it delivered certain shipments of intermodal air-land cargo to and from the Luis Munoz Marin International Airport in Isla Verde, Puerto Rico (SJU) to and from a subsidiary in Puerto Rico of Wallace International located in San Germán, Puerto Rico.
>
> 11. The intermodal air-land cargo shipments were carried by air to and from SJU by American to and from Boston-Logan International Airport in Boston, Massachusetts (BOS) pursuant to intermodal air bills of lading issued by Wallace International as shipper and consignee of those air-land cargo shipments.

---

[5] From plaintiff's allegation it appears that the contract is between MAC and ACI.

> 12. Air Cargo, Inc., served as payment clearing house between air and land carriers to pay the land carriers portion of that carriage.
>
> 13. However, after Air Cargo, Inc., filed for bankruptcy on December 7, 2004, it stopped making payments to Plaintiff (and all land carriers in the United States and the world that it served).
>
> 14. [After ACI filed bankruptcy] Plaintiff then sought payment directly from American (rather than from the shipper, consignee or freight forwarders of those shipments) of several undisclosed pre-petition unpaid airway intermodal bills of lading that allegedly were not paid by Air Cargo Inc., lumping them into its own numbered "invoices", as shown below.

MAC's own reference to of Article 947of the Commerce Code of Puerto Rico cited above, supports AA's position: "§[1909] . . . provides that actions relating to the collection of freight, charter or carriage fees expire within six months from the delivery of the goods.' (Our emphasis.) That is exactly what MAC seeks to do in this suit–collect fees relating to freight. MAC seeks to distance itself from the label of "shipping agent," but provides nothing to enable the Court to make the determination that it is something else. Having conclusorily denied applicability of that label, it provides no clue as to how it characterizes itself or other exhibit to support this argument.

Nevertheless, it is evident from the dispute that it related to a claim for transportation fees, which, under §1909, must be filed within six months from delivery of the goods. Inasmuch as MAC does not dispute that its claim for fees was not filed within such period, the Court hold that this action is time-barred. Accordingly, American Airlines' Motion for Summary Judgment **(docket entry 13)** is GRANTED, and this action is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on June 19, 2009.

S/CARMEN CONSUELO CEREZO
United States District Judge